## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **LEE TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CV 07-PT-1024-M** |
| **vs.** ) | |
| ) | *Jury Demanded* |
| **TENNESSEE ALUMINUM** ) | |
| **PROCESSORS, INC.,** ) | |
| ) | |
| **Defendant** ) | |

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

The Plaintiff in the above-captioned matter, through undersigned counsel, respectfully submits his Proposed Jury Instructions.

Respectfully submitted,

*/s/Roman A. Shaul*
Roman A. Shaul
Beasley, Allen, Crow, Methvin, Portis
 & Miles, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
roman.shaul@beasleyallen.com

ATTORNEYS FOR
PLAINTIFFS

# <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record through the court's CM/ECF system on this 13th day of April, 2008,

/s/ Roman A. Shaul

_____

Of Counsel

# COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

1.     I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

Now that you have heard the evidence and the arguments, it becomes my responsibility as Judge to explain to you the principles of law that you are to apply in reaching your verdict in this case.  These various principles of law should be understood in the context of each other.  When so understood as a whole they are binding upon you as jurors.  It would be wrong for you as jurors to substitute your own notions about what the law is or what the law ought to be.  It is not your role to substitute your judgment as to how much responsibility you think a foreman should have.

Given _____          Refused _____

2.     You are to accept what I tell you and instruct you about what the law is, and you are obliged to apply those legal principles to the facts as you find them.  However, it is your responsibility, and not mine, to decide what the facts are as shown by the evidence in this case.  If during the trial of this case or during these

instructions I say anything or have said anything that suggests to you what I think the facts are, you are free to disregard that because it is your function and responsibility to decide what the facts are in this case, and then to apply these principles of law to those facts.

Given _____     Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 2.2)).

3.     In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

Given _____     Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 2.2)).

4.     You may take into account the extent to which a person is interested in the outcome of the case or has a relationship with somebody that is involved in the outcome of the case.  That does not mean, however, that the Plaintiff is due to be disbelieved because of his monetary interest in the outcome of this case or that the employees of Tennessee Aluminum who were called to testify are automatically due to be disbelieved because they still work there.  It is for you to decide whether any interest in the outcome of this case should be given

consideration in deciding how much trust to place in what was said to you from the witness stand.

Given _____     Refused _____

5.     In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Given _____     Refused _____

 (Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 2.2)).

6.     Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Given _____     Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 2.2)).

7.    Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

Given _____          Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 3)).

8.    You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an

intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Given _____          Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 4.1)).

9.     In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

Given _____     Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005) Pattern Instruction 6.2)).

## FAIR LABOR STANDARDS ACT

## (29 U.S.C. Section 216)

10.     This case arises under the Fair Labor Standards Act, commonly referred to as the FLSA.  This is the federal law that provides for the payment of overtime pay to certain employees.  Some employees are not eligible for overtime pay.  One exception to the payment of overtime is called the "The Bona Fide Executive Exemption."   In this case, Tennessee Aluminum claims that Mr. Lee Turner falls under "The Bona Fide Executive Exemption." However, Mr. Turner alleges that he did not perform the duties of a Bona Fide Executive and should have been paid him by the hour, including overtime pay.  Tennessee Aluminum contends that Mr. Turner was properly paid and was not eligible for overtime under the law.  If Tennessee Aluminum cannot prove that Mr. Turner was, in fact, a Bona Fide Executive, then they owe him overtime pay for all hours worked over 40 hours in a pay period.

Given _____     Refused _____

11.    The "White Collar Exemptions"  - including the Bona Fide Executive Exemption - do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy.  Such nonexempt "blue collar" employees gain the skills and knowledge required for performance of their routine manual and physical work through apprenticeships and on-the-job training, not through the prolonged course of specialized intellectual instruction.    Thus, for example, non-management production line employees, and non-management employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoreman, construction workers and laborers are entitled to minimum wage and overtime pay under the FLSA and are not exempt no matter how highly they are paid.

Given _____     Refused _____

(Source 29 C.F.R § 541.3 (a) (2005)).

12.    Federal Regulations:

"The Bona Fide Executive Exemption" provides that employees who meet certain requirements can be paid a salary, and are not entitled to overtime pay for hours worked over 40 hours per week.   The FLSA and related Federal Regulations

state that in order for the "Bona Fide Executive Exemption" to apply, Tennessee Aluminum must prove the following by a preponderance of the evidence:

*First*: That Mr. Turner was paid a salary of no less than $455 per week;

*Second*: That he customarily and regularly directed the work of two or more other employees;

*Third*: That his "primary duty" was management; and,

*Fourth*:  That he had the authority to hire and fire other employees, or that his suggestions and recommendations as to the hiring, firing advancement, promotion or any other change in status was given "particular weight."

Given _____      Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 1.7.1 and 29 C.F.R. § 541.100 (a) (2005))).

13.    Although the parties agree that Mr. Turner was paid more than $455 a week for the work he performed, they do not agree that he was paid a "salary." Mr. Turner will only be considered to have been paid on a "salary basis" within the meaning of the law if he regularly receives a predetermined amount of compensation each pay period, during each week he worked, that constituted all or part of his compensation.

Given _____      Refused _____

(Source 29 C.F.R § 541.602(a) (2005)).

14.     However, in order to be considered a salary, the amount of compensation received each week cannot be subject to a reduction in pay because of variations in the "quality" or "quantity" of the work Mr. Turner performed.

Given _____          Refused _____

(Source 29 C.F.R § 541.602(a) (2005)).

15.     One of the only reasons Tennessee Aluminum can deduct pay from Mr. Turner's salary is if he commits an infraction of a safety rule of "major significance."  Safety rules of "major significance" include those relating to the prevention of serious danger in the workplace or to other employees, such as rules prohibiting smoking in explosive plants, oil refineries and coal mines.  Mr. Turner alleges that he did not violate any safety rule of "major significance."

Given _____          Refused _____

(Source 29 C.F.R § 541.602(b)(4) (2005)).

16.     One of the only other reasons Tennessee Aluminum could legally deduct pay from Mr. Turner's salary is if he violated a written, workplace conduct rule.  For example, work place conduct rules include written policies against sexual harassment or physical violence against another employee.  Mr. Turner alleges he has not violated any written, workplace conduct rules.

Given _____     Refused _____

(Source 29 C.F.R § 541.602(b)(5) (2005)).

17.     Any alleged violation or infraction should be narrowly construed against Tennessee Aluminum.

Given _____     Refused _____

(Source  - *Atlanta Professional Firefighters' Union v. City of Atlanta*, 920 F.2d 800, 804 (11th Cir. 1991)).

18.     If Tennessee Aluminum made an improper deduction from Mr. Turner's salary it will lose the Bona Fide Executive Exemption if the facts demonstrate that they did not intend to pay him on a salary basis.  The factors to consider when determining whether Tennessee Aluminum has an actual practice of making improper deductions include, but are not limited to: the number of improper deductions; particularly as compared to the number of infractions warranting discipline; the time period during which Tennessee Aluminum made the improper deductions; the number and geographic location of employees who salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether Tennessee Aluminum clearly communicated their policy permitting or prohibiting improper deductions.

Given _____     Refused _____

(Source 29 C.F.R § 541.603(a) (2005)).

19.     The parties also disagree as to whether Mr. Turner's "primary duty" was management.  The term "primary duty" means the principal, main, major, most important duty that Mr. Turner performed.

Given  _____     Refused  _____

(Source 29 C.F.R § 541.700(a) (2005)).

20.     The amount of time spent in the performance of exempt work is a useful guide in determining whether exempt work is the primary duty of an employee.  In the ordinary case it may be taken as a good rule of thumb that if an employee spends more than 50 percent of his time performing exempt work then he would have exempt work as his primary duty.

Given  _____     Refused  _____

(Source -- 29 C.F.R. § 541.700(b) (2005).

21.     However, time alone is not the sole test.  Other factors to consider when determining whether the primary duty of an employee is exempt work, includes:

i.      The relative importance of the exempt duties as compared with other types of duties;

ii.   The amount of time spent performing exempt work;

iii.   The employee's relative freedom from supervision; and

iv.   The relationship between the employee's salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.

Given _____          Refused _____

(Source -- 29 C.F.R. § 541.700(a) (2005).

22. Nonexempt work is easily identifiable where, as in the usual case, it consists of work of the same nature as that performed by the nonexempt subordinates of the "executive."

Given _____          Refused _____

(Source -- 29 C.F.R. § 541.111(b) (2003)).

23.   In determining whether work is directly and closely related to the performance of the management duties, consideration should be given to whether it is: (1) [t]he same as the work performed by any of the subordinates of the executive; or (2) a specifically assigned task of the executive employees; or (3) practicably delegable to nonexempt employees in the establishment; or (4) repetitive and frequently recurring.

Given _____    Refused _____

(Source -- 29 C.F.R. § 541.110(b) (2003)).

24.    Generally exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations under their management while performing nonexempt work. In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined periods. An employee whose primary duty is ordinary production work or routine, recurrent or repetitive tasks cannot qualify for exemption as an executive.

Given _____    Refused _____

(Source 29 C.F.R § 541.106(a) (2005)).

25.    To determine whether an employee's suggestions and recommendations are given ``particular weight,'' factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the

executive customarily and regularly directs. It does not include an occasional

suggestion with regard to the change in status of a co-worker.

Given _____    Refused _____

(Source 29 C.F.R § 541.105 (2005)).

      26.      The use of manuals, guidelines or other established procedures

containing or relating to highly technical, scientific, legal, financial

or other similarly complex matters that can be understood or interpreted

only by those with advanced or specialized knowledge or skills does not

preclude exemption under the Bona Fide Executive Exemption. Such manuals and

procedures provide guidance in addressing difficult or novel circumstances and

thus use of such reference material would not affect an employee's exempt status.

However, the Bona Fide Executive Exemption is not available for employees who

simply apply well-established techniques or procedures described in manuals or

other sources within closely prescribed limits to determine the correct response to

an inquiry or set of circumstances.

Given _____    Refused _____

(Source 29 C.F.R § 541.704 (2005)).

27. All proposed exemptions and/or exceptions to the FLSA must be narrowly construed against Tennessee Aluminum, the party who is seeking to assert it.

Given _____ Refused _____

(Source -- *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).)

28. All exemptions to the FLSA are to be applied only to those cases clearly and unmistakably within the terms and spirit of the exemption.

Given _____ Refused _____

(Source -- *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 826 (11th Cir. 1988)).

29. Mr. Turner also claims that Tennessee Aluminum acted "willfully" in denying him overtime pay. You can only consider this claim if you have found that Tennessee Aluminum did not meet their burden of proof of proving Mr. Turner was properly classified as a Bona Fide Executive.

Given _____ Refused _____

30. To prove that they acted "willfully," Mr. Turner must prove that Tennessee Aluminum either knew, or showed a reckless disregard for the fact that

its conduct was forbidden by the Fair Labor Standards Act. "Willful" is synonymous with "voluntary," "deliberate," and "intentional."

Given _____     Refused _____

(Source -- *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Reich v. Dep't of Conservation & Natural Resources*, 28 F.3d 1076, 1084 (11th Cir. 1994); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir. 1990); *Saxton v. Young*, 2007 U.S. Dist. LEXIS 25874 (N.D. Ala. Mar. 13, 2007)).

31.     In determining whether an employer's conduct is willful, you may consider factors such as: (1) whether the employer was on actual notice of possible violation by employee complaints; (2) whether the employer failed to reasonably inquire after notice; and (3) whether the employer consulted with an attorney, reviewed Department of Labor regulations, or otherwise conducted an inquiry after learning of new case law that may impact its pay practices.

Given _____     Refused _____

(Source -- *Albanese v. Bergen Cty. N.J.,* 991 F. Supp. 410, 425 (D.N.J. 1998)).

32.     Your calculation of damages, if any, requires you to determine how much unpaid overtime is to be paid Mr. Turner.

Given _____     Refused _____

(Source -- 29 C.F.R. § 778.107).

33.    If you believe that Mr. Turner has carried his burden that he performed work for which he was improperly compensated and produced sufficient evidence to show a just and reasonable inference as to the amount and extent of his work, then the burden is on Tennessee Aluminum to bring forth evidence of either the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from Mr. Turner's evidence.

Given _____          Refused _____

(*Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314-1315 (11th Cir. 2007); See Also *Lentz v. Hospitality Staffing Solutions, LLC*, 2008 WL 269607 * 4 (N.D. Ga. 2008).

34.    In order to calculate damages, your first step must be to determine what is the "regular rate" of pay for Mr. Turner.  The "regular rate" under the FLSA is what you are paid, per hour.  The FLSA does not require employers to compensate employees on an hourly basis; their earnings may be determined on a salary or other basis, but in such case the overtime compensation due the employee must be computed on the basis of the hourly rate, and thus it is necessary to compute the regular hourly rate of pay during each work week.

Given _____          Refused _____

(Source -- 29 C.F.R. § 778.109).

35.     If you find that Mr. Turner's salary was intended to compensate him for a set or fixed number of hours, then you must decide from the evidence how many hours of work his salary was intended to compensate him for each week.  If you find the salary was intended to compensate him for a set number of hours, for example 48 hours, then the regular rate of pay is the week's salary divided by 48 hours.  Thereafter, for the hours worked each week over 40 hours and up to 48 hours, the overtime is determined by multiplying one-half of the regular rate of pay by the total number hours worked over 40 up to 48.  For all hours worked over 48 hours, in this example, the remaining amount of overtime owed is determined by multiplying the hours over 48, times one and one-half (1.5) times the regular rate of pay.

Given  _____          Refused  _____

(Source -- 29 C.F.R. § 778.109, 778.113).

36.     You will take a verdict form to the jury room.  When you have reached unanimous agreement as to Mr. Turner, you will have your foreperson fill in the verdict form, then date and sign it.  When this is complete, you will then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my

attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me about any numerical division at the time or indicate in any way whether you are leaning toward a particular verdict.

Given _____          Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005 Pattern Instruction 8)).

37.    Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree both as to liability and damages.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Given _____          Refused _____

(Source -- 11th Circuit Pattern Jury Instructions (2005, Pattern Instruction 7.1)).

38.     When you go to the jury room you should first select one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form containing specific questions has been prepared for you.