## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **LEE TURNER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | **CIVIL ACTION NO.** |
| ) | **CV 07-PT-1024-M** |
| ) | |
| **TENNESSEE ALUMINUM** ) | |
| **PROCESSORS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S TRIAL BRIEF

The Plaintiff, in the above-captioned matter, offers the following brief synopsis of his claims:

1. Plaintiff was a Furnace Forman at Tennessee Aluminum Products, Inc., ("TAP") and was classified as an exempt employee under the Fair Labor Standards Act. Plaintiff alleges that he should have been classified as an hourly employee, entitled to receive overtime pay, since he does not meet the statutory requirements for an exempt employee. Plaintiff was allowed to receive overtime pay for extra shifts that he worked outside of his assigned shift; these work periods are therefore not at issue.

2. TAP bears the burden of proving that the executive exemption of the Fair Labor Standards Act ("FLSA") was applicable to Plaintiff. See Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994)(citing Atlanta Prof'l Firefighters Union v. City of Atlanta, 920 F.2d 800, 804 (11th Cir. 1991))("The employer bears the burden of proving the availability of the executive exemption").

3. TAP is required to prove that the facts of this case demonstrate that Plaintiff fell "'***clearly and unmistakably*** within the ***terms and spirit*** of the exemption.'" Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269 (11th Cir.2008)(quoting Brock v. Norman's Country Mkt., Inc., 835 F.2d 823, 826 (11th Cir. 1988))(emphasis added).

4. The exemption that is offered must be narrowly construed against TAP. See Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960)("We have held that these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit").

5. The required elements that TAP must prove are:

- That Plaintiff was compensated on a ***salary basis*** at a rate of not less than $455 per week;

- That Plaintiff's ***primary duty*** was management;

- That Plaintiff customarily and regularly directed the work of two or more other employees; and

- That Plaintiff had the authority to hire or fire other employees or his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were given particular weight.

29 C.F.R. § 541.100.

5. The third element, that Plaintiff customarily directed the work of two or more people, is not at issue since he concedes this point.

6. Plaintiff contests that he was paid a salary, as defined by the FLSA. Under the regulations, a salary is "a predetermined amount," which constitutes all or part of Plaintiff's compensation, and is "not subject to reduction because of variations in the *quality or quantity* of the work performed." 29 C.F.R. § 602(a) (emphasis added). One of the only reasons that TAP could have taken deductions from Plaintiff's salary is if he had committed "infractions of safety rules *of major significance*." 29 C.F.R. § 541.602(b)(4) (emphasis added). Examples of "[s]afety rules of major significance include those relating to the prevention of serious danger in the workplace or to other employees, such as rules prohibiting smoking in explosive plants, oil refineries and coal mines." Id. Another reason TAP could have deducted pay from Plaintiff's salary is if he was suspended for violations of workplace conduct rules. 29 C.F.R. § 541.602(b)(5). The suspension, however, must have been "imposed pursuant to a written policy

applicable to all employees." Id. Examples of workplace conduct rules include a "written policy prohibiting sexual harassment" or a "written policy prohibiting workplace violence." 29 C.F.R. § 541.602(b)(5). Any pay deductions should be narrowly construed against TAP. See generally Mueller v. Reich, 54 F.3d 438 (7th Cir. 1995). Plaintiff alleges his pay was deducted in violation of these regulations. Therefore, TAP cannot, as a matter of law, prove that Plaintiff was paid on a salary basis.

7. Plaintiff alleges that his primary duty was not management. The regulations state that primary duty means the "principal, main, major or most important duty that [Plaintiff] perform[ed]." 29 C.F.R. § 541.700(a). The relevant factors used to determine Plaintiff's primary duty are:

- the relative importance of the exempt duties as compared with other types of duties;
- the amount of time spent performing exempt work;
- Plaintiff's relative freedom from direct supervision; and
- the relationship between Plaintiff's salary and the wages paid to other employees for the kind of nonexempt work performed by Plaintiff.

29 C.F.R. § 541.700(a). Plaintiff alleges that each of these factors are overwhelmingly in his favor since 1) he spent the majority of his time doing the

4

same thing as the hourly employees, 2) he had little or no discretion and 3) since he did not make significantly more money than the hourly employees.

8. Lastly, Plaintiff alleges that he did not have the authority to hire or fire other employees. His suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight. Specifically, Plaintiff hired an employee who was a convicted murderer, and alleges as a result, was subsequently stripped of these duties.

Respectfully submitted this the 21st day of August, 2009.

/s/ Roman A. Shaul
_____
ROMAN A. SHAUL
Attorneys for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555
Roman.Shaul@BeasleyAllen.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that August 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Bradley W. Cornett and will send via US Postal Service to the following:

                                                              /s/ Roman A. Shaul
                                                              _____
                                                               OF COUNSEL

Mr. M. Clark Spoden, Esq.
Mr. W. Judd Peak, Esq.
**FROST BROWN TODD LLC**
424 Church Street, Suite 1600
Nashville, TN 37219
(615) 251-5550
cspoden@fbtlaw.com